LEMMON, Judge.
Plaintiff, an attorney, filed this suit to recover payment for professional services rendered to defendant, another attorney, in certain litigation arising out of the foreclosure of a mortgage securing a note held by defendant. After a trial on the merits, judgment was rendered in the amount of *387 11,875.0o.[1] Plaintiff appealed, seeking an increase of $2,400.00, and defendant answered the appeal, seeking a remand with instructions to set the fee on the basis of the value of the services rendered.
On July 17,1973 defendant instituted the foreclosure by executory process. Defendant had prepared the pleadings, which were signed by his associate, and had sent demand letters to the debtor prior to filing suit.
On August 17, 1973 an intervention was filed, asserting a labor and materialman’s privilege. About ten days later defendant employed plaintiff, who had handled previous litigation on defendant’s behalf, but no fee arrangement was discussed. While the extent of the employment was also not specifically defined, plaintiff became involved in all aspects of collection of the note, and defendant also remained actively involved in pursuing collection.[2]
The judicial sale was set for September 7, but defendant cancelled the sale when the debtor on September 4 made a $7,000.00 payment, agreeing to pay the balance within a reasonable time.
The debtor obtained the money to pay the balance, but in the meantime learned of an uncancelled collateral mortgage and a judgment affecting the property, as well as the privilege that had been asserted by the intervenor. The debtor therefore called upon defendant to have these inscriptions cancelled before tendering payment. When the parties reached a stalemate, defendant had the judicial sale rescheduled, but the debtor obtained cancellation by means of a restraining order incidental to a demand for injunction suspending the debtor’s obligation to pay the mortgage until the title was cleared. Defendant, through plaintiff, filed exceptions, a rule to dissolve the restraining order, and a demand for damages. There was a trial of the rule to dissolve, but no decision.
The entire matter was eventually compromised when defendant secured the removal of the inscriptions which had clouded the title by posting a bond for cancellation of the mortgage and by paying off the judgment and the privilege. The debtor on November 30 paid the balance of the principal and interest, plus the stipulated attorney’s fee for collection and court costs.
Between the time he was employed and the time the matter was settled plaintiff prepared and filed all pleadings and briefs, performed all research, presented all arguments in court, led the settlement negotiations with the debtor’s attorney, and filed the suit against the clerk to have the collateral mortgage cancelled upon defendant’s furnishing security. Defendant, however, was in frequent contact with the debtor’s attorney and collaborated with plaintiff in planning litigation and settlement strategy.
After the matter was settled, plaintiff claimed entitlement of the entire amount stipulated in the note as attorney’s fees for collection. The trial judge rejected the claim, stating he was satisfied by the evidence that “after Mr. Brewer was employed the matter remained a joint venture (with) associated counsel”. Since neither side kept time sheets the judge ordered an equal division of the fee.
In a suit on a professional services contract for collection of a note, when there is no agreement as to a fee, the parties are presumed to have intended a reasonable fee. The court, in setting a reasonable fee, is not limited to consideration of the collection fee stipulated in the note. Although that is a relevant consideration, other con *388 siderations may enter into the determination of reasonableness.[3]
The present case, in addition to the complication of a stipulated fee in the other related contract (the services contract), had the additional complication that the client in the services contract occupied the positions both of client and of associate counsel. This factor also bears upon the determination of the reasonable fee intended by the parties.
Thus, defendant, solely as holder of the note, could not have retained any of the $4,800.00 attorney’s fees collected from the debtor. And defendant, as co-counsel, was entitled to a portion of any fee fixed as reasonable for the overall services.[4] The court must therefore determine, in the light of all the circumstances, what the parties intended as a reasonable fee for all services and as an equitable distribution among co-counsel.
A suit for attorney’s fees under a services contract, in which the parties failed to specify the amount of the fee, has been regarded as a suit for breach of a quasi-contract, in which C.C. art. 1934(3) vests the trial judge or jury with much discretion. Succ. of Butler, 294 So.2d 512 (La.1974). After reviewing the services and accomplishments of the attorneys in the present case, we cannot say the trial judge abused his discretion by fixing attorney’s fees at $4,800.00. And after reviewing the circumstances surrounding defendant’s association of plaintiff as co-counsel, as well as the services performed by plaintiff thereafter, and considering the fact that collection was accomplished primarily through negotiation rather than through court procedures, we cannot say the trial judge abused his discretion by ordering an equal division of the $4,800.00 fee.
The judgment is affirmed.
AFFIRMED.

. Plaintiff had sued for:
$4,800.00 25% fee stipulated in note
425.00 owed for previous services
21.50 costs
$5,246.50
- 950.00 paid by defendant
$4,295.50
The trial court awarded half the stipulated fee, plus the other items, effectively reducing plaintiff’s demand for services related to the foreclosure by $2,400.00.

. The foreclosure involved a sale and assumption of an existing mortgage, on which defendant remained personally liable after the assumption.

. In Foundation Finance Co. v. Robbins, 179 La. 259, 153 So. 833 (1934) the court held that the owner of a promissory note could validly require the collection fee provision in the note contract as a method of obtaining indemnification in case of default and could sue for and recover in his own name the stipulated fee, but that the fee belonged to the attorney, and the owner could not require the attorney as part of the services contract to divide the fee (in violation of the professional canons) and thus obtain recovery of an amount greater than the principal and interest due.
On the other hand, the parties to a services contract for collection of a note can certainly agree to a fee in excess of the amount stipulated in the note, although the note holder is limited in indemnification to that amount.

. The present situation should be viewed no differently than that which would have existed if defendant had represented a non-attorney note holder and had associated plaintiff as co-counsel at the same point in the collection procedure.